UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BEN MCLAUGHLIN, § | |
|    *Plaintiff*, § | |
| § | |
| V. § | CIVIL ACTION NO. 4:12-cv-02658 |
| § | |
| WELLS FARGO BANK, N.A. § | |
|    *Defendant*. § | |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, removed from state court on diversity jurisdiction, is Defendant Wells Fargo Bank, N.A.'s ("Defendant") Motion to Dismiss Plaintiff Ben McLaughlin's ("Plaintiff") original state court petition pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 6. Plaintiff alleges fraud, wrongful foreclosure, slander of title, promissory estoppel, and unreasonable debt collection, and requests injunctive relief and an accounting. Doc. 1. Defendant moves to dismiss all claims and Plaintiff has failed to file a response. Doc. 6.

Having considered Defendant's motion, the facts of this case, the facts in the record, and applicable law, the Court concludes that the Defendant's Motion to Dismiss should be granted.

I. Background

As alleged in his original petition, Plaintiff owned a house at 15122 Berkshire Green Drive, Houston, Texas 77083 (the "Property") and he executed a Note and Deed of Trust with respect to the real property. *See page 2 of Plaintiff's Original Petition* [Doc. 1]. The Note and Deed of Trust were later assigned to Wells Fargo. *Id.*

Plaintiff defaulted on the mortgage due to a reduced income. *Id.* He soon contacted

Defendant and was offered a loan modification. *Id.* Plaintiff contends that the modification actually increased the monthly payments, causing him to inquire further. *Id.* Plaintiff further contends that he waited for a response from Defendant about lower payments to no avail and that it was his understanding that a foreclosure would not take place during this waiting period. *Id.*

On August 2, 2011, Wells Fargo foreclosed on the property. *Id.* Plaintiff filed its original petition on September 6, 2012 and Defendant timely removed the case to federal court. Doc. 1. On December 17, 2012, Defendant filed the Motion to Dismiss. Doc. 6. Plaintiff has not filed a response to the Motion to Dismiss.

II. Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting

*Twombly*, 550 U.S. at 556).

III. Analysis

**A. Common Law Fraud**

Plaintiff alleges that Defendant btained title to Plaintiff's home by actions amounting to common law fraud. *See page 4 of Plaintiff's Original Petition* [Doc. 1]. Plaintiff asks the Court to restore title to Plaintiff through equitable remedies. *Id.*

The elements of common law fraud are: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (4) the speaker made the representation with the intent that it should be acted upon by the party; (5) the party acted in reliance upon the representation; and (6) the party thereby suffered injury. *Eagle Props. Ltd. v. Scharbauer*, 807 S.W.2d 714, 723 (Tex. 1990).

Fraud claims must satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): "in allegation alleging fraud … a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other condition of a person's mind may be alleged generally." A dismissal for failure to plead with particularity as required by this rule is treated the same as Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statement were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

Defendant points out that Plaintiff fails to identify any of the essential elements of fraud, and fails to meet the particularity requirement of Rule 9(b). Doc. 6 at 5. The Court agrees and

dismisses the fraud claim for failure to state a claim under Rule 12(b)(6) and 9(b).

## B. Wrongful Foreclosure

Plaintiff alleges wrongful foreclosure due to fraud and wrongful foreclosure for failure to properly give notice of foreclosure sale. The wrongful foreclosure due to fraud claim is based on Plaintiff's allegations that Defendant's representations "were false, material, and were made . . . with the intention that Plaintiff rely on those false and material representations." *See page 4 of Plaintiff's Original Petition* [Doc. 1]. Plaintiff alleges wrongful foreclosure for failure to properly give notice "because Defendant failed to follow Texas requirements for acceleration of note of foreclosure sale." *See page 5 of Plaintiff's Original Petition* [Doc. 1].

A plaintiff asserting wrongful foreclosure must show (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied)).

As pointed out by Defendant, the wrongful foreclosure claim due to fraud alleged by Plaintiff fails to satisfy the pleading-with-specificity requirement under Rule 9(b). Doc. 6 at 10–11. In correlation, Plaintiff does not plead a defect in the foreclosure proceedings or an inadequate sale price, nor a connection between the two, all essential elements of such a claim. *Id.* Plaintiff simply states conclusory allegations and unsupported facts, which will not defeat a Rule 12(b)(6) motion. *Id.* As for the wrongful foreclosure due to improper notice, Plaintiff admitted that Wells Fargo gave him al proper notices of default and acceleration required under chapter 51 of the Texas Prop. Code. Doc. 6, Ex. C, Admissions 25-27. Plaintiff fails to state what notice requirements were not met. The Court dismisses the wrongful foreclosure claims by

Plaintiff under Rule 12(b)(6).

## C. Slander of Title

Plaintiff's slander of title claim is based on Plaintiff's allegation that "Defendant and its predecessor have not received a conveyance of title and/or rights from the original mortgagee, World Savings Bank, FSB, nor from any other legitimate successor in interest." *See page 5 of Plaintiff's Original Petition* [Doc. 1].

Under Texas law, slander of title is "a false and malicious statement made in disparagement of a person's title to property which causes special damages." *Marrs and Smith Partnership v. D.K. Boyd Oil and Gas Co., Inc.*, 223 S.W.3d 1, 20 (Tex. App.—El Paso 2005, pet. denied). The elements of slander of title are (1) the uttering and publishing of disparaging words, (2) falsity, (3) malice, (4) special damages, (5) possession of an estate or interest in the property disparaged, and (6) the loss of a specific sale. *Williams v. Jennings*, 755 S.W.2d 874, 879 (Tex. App.—Houston [14th Dist.] 1988, writ denied); *Casey v. Fed. Home Loan Mortg. Assoc.*, Civ. A. No. H–11–3830, 2012 WL 1425138, *5 (S.D. Tex. Apr. 23, 2012).

Defendant urges dismissal of the slander of title claim because Plaintiff fails to allege any facts supporting the elements of slander of title. Doc 6 at 12. Plaintiff has failed to allege any disparaging words, maliciousness, special damages, or loss of specific sale. *Id.* Defendant points out that Plaintiff did not have a potential buyer for his property, nor was he attempting to sell the property. *Id.* Without a potential buyer, Plaintiff cannot claim that he lost a specific sale or suffered damages, essential elements of a claim for slander of title. Plaintiff's pleading contains no allegations to support a slander of title claim against Defendant. All Plaintiff's pleading contains is a broad legal conclusion that Defendant's actions "constitute a slander of Plaintiff's title." Under Rule 12(b)(6) and *Twombly*, this is insufficient to state a claim. *E.g., Garcia v.*

*GMAC Mortg., LLC*, Civ. A. No. H–12–2242, 2013 WL 211121, *6 (Jan. 18, 2013). The Court dismisses this claim for slander of title.

**D. Promissory Estoppel**

Plaintiff's promissory estoppel claim is based on Plaintiff's allegation that Defendant entered into an oral contract for the application and participation in the Making Homes Affordable Program with Plaintiff and then breached the contract. *See page 5 of Plaintiff's Original Petition* [Doc. 1].

Under Texas law, the statute of frauds applies to loan agreements for amounts exceeding $50,000.00 and requires that they be in writing and signed by the party to be bound in order to be enforceable. Tex. Bus. Code Ann. § 26.02(a)–(b). "'Promissory estoppel is a narrow exception to the statute of frauds.'" *Hurd*, 2012 WL 1106932, at *10 (quoting *Schuhart v. Chase Home Fin., LLC*, Civ. A. No. C–05–385, 2006 WL 1897263, * 4 (S.D. Tex. July 10, 2006)). To state a claim for the defense of promissory estoppel, the plaintiff must allege facts showing (1) a promise, (2) foreseeability of reliance on that promise by the promisor, and (3) substantial reliance on the promise by the promisee to its detriment. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n. 25 (Tex. 2002) (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)). Furthermore, the plaintiff must allege facts showing that "the defendant promised to sign an agreement satisfying the statute of frauds." *Cavil v. Trendmaker Homes, Inc.*, Civ. A. No. G–10–304, 2012 WL 170751, *7 (S.D. Tex. Jan. 19, 2012) (citing *"Moore" Burger, Inc. v. Phillips Pet. Co.*, 492 S.W.2d 934, 937 (Tex. 1972)), *appeal dism'd,* No. 12–40195 (5th Cir. May 10, 2012). An alleged oral agreement not to foreclose while a loan modification application is pending would alter the written loan agreement in the promissory note and the deed of trust and thus would be unenforceable unless memorialized in writing. *Enis v. Bank of America, N.A.*, Civ. A. No. 3:12–

CV–0295–D, 2012 WL 4741073, *3 (N.D. Tex. Oct. 3, 2012).

As read in § 26.02(2) of the Business and Commerce Code, the term "loan agreement" includes promises, promissory notes and deeds of trust. Loan agreements like Plaintiff's, in which the amount involved exceeds $50,000, are not enforceable "unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." § 26.02(2)(b).

Based on the statute of frauds, the Note signed by the parties could not be varied by any other oral agreements or discussions that occurred subsequent to the execution of the Loan Agreements. The Loan Agreement itself provided in this respect:

> THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

*See page 12 of Exhibit B* [Doc. 6]. The alleged oral statements upon which Plaintiff's promissory estoppel claim is based are unenforceable under the statute of frauds, and the "No Oral Modification Notice" clause in the Note.

Further, even if the statute of frauds did not apply, a cause of action for promissory estoppel requires the claimant to show that he substantially relied on a promise to his detriment. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). In his original petition, Plaintiff claims he "reasonably relied on Defendant's promises to his detriment." *See page 5 of Plaintiff's Original Petition* [Doc. 1]. He does not, however, specify any actions or omissions he performed or declined to perform as a result of the alleged oral promise. Plaintiff fails to plead sufficient facts supporting what options or additional modifications, if any, he could have pursued if Defendant had followed through on its alleged promise. Plaintiff has not stated a promissory estoppel claim

7 / 13

within the holdings of *Twombly* and *Iqbal.*

### E. Unreasonable Debt Collection

Plaintiff's next claim is styled as a claim for "unreasonable debt collection," and includes all of the above-mentioned actions by Defendant, including wrongful foreclosure of the alleged interest in Plaintiff's home. *See page 6 of Plaintiff's Original Petition* [Doc. 1].

Although not clearly defined in Texas law, a claim for the intentional tort of unreasonable collection efforts has been delineated as "efforts that amount to a course of harassment that was willful, wanton, malicious and intended to inflict mental anguish and bodily harm." *EMC Mortgage Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.). Generally Texas courts apply this cause of action based on actual collection efforts, for example telephone calls or physically approaching the debtor that oversteps the bounds of routine collection methods through excessive harassment. *Id.* at 8654–65 (lender sent a "large, very intimidating Man" who was "yelling and screaming, demanded the keys to the house, and told [plaintiffs'] family to get out"); *Enis*, 2012 WL 4741073, at *5. Failure to respond to a request for accounting, promising loan modification, and promising not to foreclose are not debt collection efforts, and allegations of such do not show an intent to harass and inflict mental anguish. *Enis*, 2012 WL 4741073, at *5 n. 7 (citing *Smallwood v. Bank of America*, No. 3:11–CV–1283–D, 2012 WL 32654, *4 (N.D. Tex. Jan. 6, 2012)); *Sanghera v. Wells Fargo Bank, N.A.*, Civ. A. No. 3:10–CV–2412–B, 2012 WL 555155, *7 (N.D. Tex. Feb. 12, 2012) ("[T]he Court is unaware ... how promising not to foreclose on a property, can, without more, be considered willful, wanton, or malicious harassment."); and *Swim v. Bank of America, N.A.*, Civ. A. No. 3:11–CV–1240–M, 2012 WL 170758, *7 (N.D. Tex. Jan. 20, 2012) (dismissing allegation that misleading plaintiff

about loan modification constituted unreasonable collection efforts).

Plaintiff's unreasonable debt collection claim is based on the alleged wrongful foreclosure of the property. But, Plaintiff has not stated a claim for wrongful foreclosure. Additionally, Plaintiff has failed to allege that Defendant engaged in any egregious or unreasonable collection activities that would amount to an intentional course of harassment. Plaintiff admits that Defendant approved him for a modification in the loan agreement and that he rejected the terms of the modification.

Plaintiff has failed adequately, specifically, or properly to plead the unreasonable debt collection claim. The Court dismisses the unreasonable debt collection claim under Rule 12(b)(6).

### F. Injunctive Relief

Plaintiff requests injunctive relief, claiming that Defendant instituted proceedings to evict him from his home based on an invalid Substitute Trustee's Deed. *See page 6 of Plaintiff's Original Petition* [Doc. 1].

Under Texas law, "[i]njunctive relief is simply a form of equitable remedy." *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, *4 (N.D. Tex. 2010) (citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App. 2008). To sustain a claim for injunctive relief, a plaintiff must first plead a viable underlying cause of action. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Here, Plaintiff has failed to plead a viable underlying cause of action, causing the claim for injunctive relief to also fail under Rule 12(b)(6).

### G. Accounting

Plaintiff alleges, "Defendants have never provided an accounting of funds received prior to foreclosure and funds received at the foreclosure sale. Plaintiff would ask that the Court issue

an order compelling Defendants to provide a full accounting of Plaintiff's account associated with the subject property, and to provide an accounting of all funds received or credited as a result of the foreclosure sale." *See page 6 of Plaintiff's Original Petition* [Doc. 1]. It is not clear from Plaintiff's pleading whether he intended to assert a separate claim for an accounting, or whether he is seeking an accounting as a remedy. To the extent Plaintiff intended to assert an equitable claim for an accounting, his allegations are insufficient to state such a claim with plausibility.

While "[a]n action for accounting may be a suit in equity[,] … [a]n equitable accounting is proper when the facts and accounts presented are so complex that adequate relief may not be obtained at law." *Michael v. Dyke*, 41 S.W.3d 746, 754 (Tex. App.—Corpus Christi 2001), *abrogated on other grounds as recognized in Buck v. Palmer*, 2010 WL 5167704 (Tex. App.—Corpus Christi 2011). Here, there are no allegations that either the facts or the account at issue is complex, or that Plaintiff cannot obtain the accounting information he seeks through discovery. *See Brown v. Cooley Enterprises, Inc.*, Civ.A. No. 3:11-CV-0124-D, 2011 WL 2200605 at 1-2 (N.D. Tex. 2011). Thus, Plaintiff has not set forth any facts that would support a separate claim in equity for an accounting, and any such claim is subject to dismissal under Rule 12(b)(6).

**H. Attorneys' Fees**

Finally, Defendant contends that it is entitled to recover reasonable attorney's fees and costs pursuant to the Deed of Trust. Doc. 6 at 26.

Pursuant to Texas law, which provides the rule of decision in diversity cases, a party may only recover fees and expenses incurred in litigating an action if authorized by contract or statute. *Modabberi v. Wells Fargo Bank, N.A.*, No. 3-11-CV-3602-M-BD, 2012 WL 3100760, at *1 (N.D. Tex. July 10, 2012) (memorandum and recommendation) (unpublished) (citing *Hill v.*

*Imperial Sav.*, 852 F.Supp. 1354, 1371 (W.D. Tex. 1992)).

Here, Paragraph 7 of the Deed of Trust provides that, "[i]f … someone … begins a legal proceeding that may significantly affect Lender's rights in the Property (such as a legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever it deems reasonable or appropriate to protect the Lender's rights in the Property." *See page 5 of Exhibit B* [Doc. 6]. It goes on to provide, "Lender's actions may, without limitation, include appearing in court, paying reasonable attorneys' fees," and that "any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes which have not been paid." *Id.*

The relevant question is whether this action constitutes a "legal proceeding that may significantly affect" Defendant's rights pursuant to the deed of trust. Defendant relies on *In re Velazquez*, 660 F.3d 893, 899–900 (5th Cir. 2011), a case in which the Fifth Circuit awarded the defendants attorneys' fees based on a nearly identical provision. However, *Velazquez* was a bankruptcy proceeding, and, as in Paragraph 7 of the Deed of Trust here, the provision at issue in that case listed "a proceeding in bankruptcy" as a legal proceeding that would warrant an award of attorneys' fees. *Daniels v. Wells Fargo Home Mortg.*, C.A. No. G-12-163, 2013 WL 1222413, at *7 (S.D. Tex. Feb. 21, 2013). Unlike *Velazquez*, the one at issue here is not expressly included in Paragraph 7 as a legal proceeding that might significantly affect Defendant's rights pursuant to the agreement. *Id.* Nevertheless, Plaintiff's action falls well within the scope of Paragraph 7 because Defendant is defending this action to protect its rights pursuant to the Deed of Trust.

Accordingly, to the extent that Defendant prevails in this action, it is entitled to reasonable attorneys' fees and costs it incurred in defending this action. In doing so, Defendant has the burden of establishing the basis for any attorneys' fees request and their reasonableness.

11 / 13

Defendants have attached Exhibit F, an affidavit for attorneys' fees and costs, establishing entitlement to an award and documenting the hours worked. *See Exhibit F* [Doc. 6]. Defendants rely exclusively on the Declaration of George A. Kurisky, Jr., showing that he and other attorneys and staff at the law firm of Johnson DeLuca Kurisky & Gould, P.C. performed a total thirty-five hours of legal services at rates ranging from $275 per hour to $400 per hour. *Id.* They request an award of $10,000 for attorneys' fees and other expenses, which reflects a blended hourly rate. *Id.* It is unclear how Defendants actually arrived at this sum because they have not identified who performed the work, what work was performed by whom, how the blended rate was calculated, or provided any documentation of costs or bills borne by Defendants. *See Daniels v. Wells Fargo Home Mortg.*, C.A. No. G-12-163, 2013 WL 1222413, at *7 (S.D. Tex. Feb. 21, 2013) (noting *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). He Court grants leave to Wells Fargo to submit an amended request for fees and costs within fourteen days of the entry of this Opinion and Order.

IV. Conclusion

Based on the foregoing, the determination that Plaintiff's pleading does not contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," and the fact that Plaintiff, who is represented by counsel, did not file a response to Defendants' Motion to Dismiss and has not in any way indicated a desire to amend his pleading, the Court hereby

ORDERS that Defendant Wells Fargo's Motion to Dismiss Plaintiff Ben McLaughlin's original state court petition (Doc. 1) is GRANTED and Plaintiff's claims are all DISMISSED pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Court further

ORDERS that Wells Fargo shall file an amended request for fees and expenses within

two weeks of the date of the entry of this Opinion and Order. Plaintiff shall file any objections within two weeks of the filing of the amended request for fees and costs.

    SIGNED at Houston, Texas, this 13th day of September, 2013.

                                                  MELINDA HARMON
                                       UNITED STATES DISTRICT JUDGE